UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

In re:

Valnet Holdings, LLC                                    Case No. 20-11569-R
                                                        Chapter 7
            Debtor.

MOTION FOR RELIEF FROM STAY, MOTION FOR ABANDONMENT
AND NOTICE OF OPPORTUNITY FOR HEARING

**COME NOW** Movants, Tim Perkins and Connie Perkins (collectively, the "**Perkins**"), by and through their counsel of record, Ron D. Brown of the Brown Law Firm, P.C., and respectfully request this Court to enter an Order granting the Perkins relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d) and Fed. R. Bank. P. Rule 6007, waiving the fourteen (14) day stay imposed under Fed. R. Bankr. P. 4001(a)(3) and requiring the trustee to abandon property of the estate pursuant to 11 U.S.C. § 554(b) and Fed. R. Bank. P. 6007. In support of their Motion, the Perkins state:

### JURISDICTION

1.      Valnet Holdings, LLC (the "**Debtor**") filed a voluntary petition for chapter 7 bankruptcy relief in the above-styled matter on October 5, 2020.

2.      This Court has jurisdiction to hear this matter and enter a final order pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362. This Motion constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a), 6006 and 9014.

### BACKGROUND FACTS

3.      On July 12, 2012, the Perkins and the Debtor entered into a Ninety-Nine Year Ground Lease (the "**Lease**") granting the Debtor a ninety-nine (99) year lease to real property located in Caney, Kansas (the "**Property**") for the operation and maintenance of a guided

1

microwave tower (the "**Tower**") located on the Property.[1] The Property is more particularly described as follows:

> **All Land area whereby a Radio Tower, guide wires and adjacent building currently rest upon the following:**
>
> **1-35-14 Caney Township, S 11, T 35, R 14, 1117.12 Acres, S/s, NW 4, & N/2, SW/4**
>
> **E HWY 166 Less R/W**
>
> **More Particularly Described as CR 1425, Caney, KS – Parcel Number: 063-241-11-0-00-00-006.00-0**

4. Contemporaneous with the Lease, the Perkins executed on July 12, 2012, a Sales Contract and Bill of Sale for the sale of the Tower to the Debtor.[2]

5. The Debtor did not schedule the Tower on its filed Schedule A/B (Dkt. No. 26) or the Lease of the Property on its filed Schedule G (Dkt. No. 27).

6. The Tower is of inconsequential value and benefit to the estate.

7. The Debtor is in default pursuant to the terms of the Lease.

### REQUEST FOR RELIEF FROM STAY

8. Because the Tower if of inconsequential value and benefit to the estate, it is appropriate for the Court to grant the Perkins relief from the automatic Stay for cause as to the Tower pursuant to 11 U.S.C. § 362(d)(1) and (d)(2).

9. Due to the inconsequential value and benefit of the Tower to the estate, no cause exists to stay an order granting the Perkins' requested relief from stay. Therefore, it is appropriate for the Court to waive the fourteen (14) day stay imposed under to Fed. R. Bankr. P. 4001(a)(3).

---

[1] A copy of the Lease is attached as **Exhibit A**.
[2] A copy of the Sales Contract and Bill of Sale executed on July 12, 2012, is attached as **Exhibit B**.

## REQUEST FOR ABANDONMENT

10. Because the Tower if of inconsequential value and benefit to the estate, the Tower is burdensome to the Debtor's Bankruptcy Estate. Therefore, the Perkins are entitled to an Order directing the Trustee to abandon any interest in the Tower pursuant to 11 U.S.C. § 544(b).

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document**. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without hearing or further notice. **The 14 day period includes the three (3) days allowed for mailing provided for in Fed. R. Bankr. P. 9006(f).**

**WHEREFORE**, Movants Tim Perkins and Connie Perkins respectfully request the Court to grant relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d) with regard to the Tower described herein, waive the fourteen (14) day stay imposed under Fed. R. Bankr. P. 4001(a)(3), order the Trustee to abandon the Tower pursuant to 11 U.S.C. § 544(b) and for any other such relief the Court deems just and proper.

Respectfully submitted,
**Brown Law Firm, P.C.**, by:

/s/ Ron D. Brown
Ron D. Brown, OBA #16352
R. Gavin Fouts, OBA #33738
715 S. Elgin Ave
Tulsa, OK 74120
(918) 585-9500
(866) 552-4874 fax
ron@ronbrownlaw.com
gavin@ronbrownlaw.com
*Attorney for the Movant*

CERTIFICATE OF SERVICE

    This is to certify that on January 17, 2022, the undersigned caused a true and correct copy of the above and foregoing to be served by:

        __X__ First-class mail, postage pre-paid;

    All Parties Listed in the Attached
    Mailing Matrix

        /s/ Ron D. Brown_____

4